HONORABLE S. KATE VAUGHAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| MYEESHA PARKER,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO, INC., a Washington State Corporation<br><br>Defendant. | Case No. 2:25-cv-519<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING ITS MOTION FOR SUMMARY JUDGMENT** |

Defendant Costco Wholesale Corporation submits the following Brief in response to the Court's July 23, 2025 Order for Supplemental Briefing.

**ISSUE 1**: **Should a dispute of material fact become apparent, is "reverse conversion" of Defendant's motion for summary judgment to a motion under Federal Rule of Civil Procedure 12(b)(5) procedurally proper and available in view of *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053 (9th Cir. 2023)?**

**Short Answer**: First, the Court may convert Costco's Motion for Summary Judgment into a Motion to Dismiss under Rule 12(b)(5) to resolve a factual dispute. Second, doing so is not impermissible "reverse conversion" under *Jones v. L.A. Cent. Plaza LLC*.

DEFENDANT'S SUPPLEMENTAL
BRIEF REGARDING ITS MOTION
FOR SUMMARY JUDGMENT - 1

An instructive case is *Fields v. SDH Servs. E., LLC*, in which the trial court effectively converted a Rule 56 motion to a Rule 12(b)(5) motion when it partially adopted the magistrate judge's Report and Recommendation. *Fields v. SDH Servs. E., LLC*, 2019 WL 1098369, at *1 (S.D. Tex. Mar. 7, 2019). In that case, plaintiffs filed in state court but failed to serve defendants before removal to federal court and before the statute of limitations expired. *Fields v. SDH Servs. E., LLC*, 2019 WL 2552688, at *2 (S.D. Tex. Feb. 6, 2019) ("*Fields Report and Recommendation*").[1] The defendants moved to dismiss under Rule 12(b)(6) and the issue was assigned to a magistrate judge. *Id.*

The magistrate judge recommended that the Rule 12(b)(6) motions to dismiss be converted to Rule 56 summary judgment motions because "the parties submitted evidence outside of the pleadings and public record in support of their positions." *Fields Report and Recommendation*, 2019 WL 2552688, at *1 (dismissing plaintiffs' claims as untimely). The plaintiffs objected, arguing that the conversion was improper. *Fields*, 2019 WL 1098369, at *1.

On a *de novo* review, the trial court partially adopted the magistrate judge's order. The trial court converted the motions to Rule 12(b)(5) motions to dismiss for insufficient service of process. *Id.* It found that the proper Rule for the motion was Rule 12(b)(5) because "[w]hile Defendants' Motions to Dismiss consider the impact of the statute of limitations on Plaintiff's claims, the Motions specifically seek relief based on Plaintiff's failure to *timely serve*." *Id.* (emphasis in original).

The court also held that the magistrate judge's review of the summary judgment materials was proper because the "Magistrate Judge limited its examination of the evidence to only that evidence that would establish the lack of proper service **as the Magistrate Judge would have done had it performed its analysis under Rule 12(b)(5)**." *Id.* (holding that the magistrate judge's error was harmless) (emphasis added).

---

[1] Like Washington, a case is not commenced under Texas law until it is filed and served.

DEFENDANT'S SUPPLEMENTAL
BRIEF REGARDING ITS MOTION
FOR SUMMARY JUDGMENT - 2

1   As in *Fields*, the Court here may convert Costco's Motion for Summary Judgment to a
2   12(b)(5) motion, even if an evidentiary assessment is needed. The only documents submitted by
3   the parties in connection with the summary judgment briefing relate to "evidence that would
4   establish the lack of proper service," including those Ms. Parker "introduced in support of her
5   assertion that she perfected service on [Costco] in accordance with state law." *Id.* at *2. Thus,
6   like *Fields*, the same evidence can be evaluated under Rule 12(b)(5), and neither party will be
7   prejudiced by the conversion.

8   Addressing the second part of Issue 1, this is not a case of "reverse conversion" under
9   *Jones v. L.A. Cent. Plaza LLC* and *Jones* does not prevent the Court from treating Costco's
10  motion as one under Rule 12(b)(5). Under *Jones*, "reverse conversion" is converting a motion
11  based on evidence outside the pleadings (i.e. a summary judgment motion) into a motion on the
12  pleadings. Costco's Motion—whether considered under either Rule 12(b)(5) or Rule 56—can
13  rely on evidence outside the pleadings. Accordingly, *Jones* and reverse conversion are
14  inapplicable.

15  In *Jones*, the parties had briefed "whether the plaintiff 'had adequately established
16  standing with factual evidence under summary judgment standards.'" *Id.* However, "the district
17  court *sua sponte* decided to examine the adequacy of the complaint's allegations of Article III
18  standing under *Iqbal's* pleading standards." *Id*. The Ninth Circuit held that this was error, as the
19  court improperly evaluated summary judgment briefing under the Rule 12(b)(6) pleading
20  standard. *Id.* at 1058. It reversed, finding that the trial court "contravene[d] 'principles of sound
21  case management' in multiple respects" by converting summary judgment briefing into a Rule
22  12(b)(6) decision. *Id.* (quoting *Ríos-Campbell v. U.S. Dep't of Commerce*, 927 F.3d 21, 25 (1st
23  Cir. 2019)).

24  *Jones* distinguished between converting a Rule 12(b)(6) motion to a Rule 56 motion—
25  which it approved—and the reverse. It explained that conversion to summary judgment is

26
DEFENDANT'S SUPPLEMENTAL
BRIEF REGARDING ITS MOTION
FOR SUMMARY JUDGMENT - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

appropriate when it enables a "prompt and efficient means of achieving a definitive resolution of a case-dispositive issue based on an evidentiary record that is focused on." *Id.* (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366, p.165 (3d ed. 2004)).

By contrast, converting from Rule 56 to Rule 12(b)(6) "unjustifiably ignore[ed] the fuller evidentiary record assembled by the parties after they [had] already incurred the expense of discovery." *Id.* The court emphasized that facts developed during litigation could potentially cure any *Iqbal* pleading deficiencies. *Id.* at 1060. Thus, the trial court's "reverse conversion" in *Jones* was improper because it deprived the plaintiff of the opportunity to rely on summary judgment evidence to support standing.

The reasoning in *Jones* does not apply here because the risk of prejudice to the nonmoving party highlighted in *Jones* does not exist for Ms. Parker. Unlike the plaintiff in *Jones*, who was deprived of the opportunity to cure pleading deficiencies with additional facts because the court ignored the parties' summary judgment briefing, Ms. Parker cannot allege new facts to cure the untimeliness of her Complaint. Moreover, she has already had the opportunity to present—and did present—evidence supporting her claim that Costco was properly served.

**ISSUE 2**. **If reverse conversion is available, is an evidentiary hearing necessary?**

**Short Answer**: No. An evidentiary hearing is not necessary because Ms. Parker has not shown that a factual dispute regarding service exists. And even if she had shown a factual dispute, courts routinely resolve such disputes on the papers.

First, there is no need for an evidentiary hearing because there is no genuine issue of fact as to service. The only admissible evidence Ms. Parker presented to show that she served Costco was the declaration of Katlyn Bain, which was not "regular in form and substance" and therefore does not support her argument that Costco was served.

DEFENDANT'S SUPPLEMENTAL
BRIEF REGARDING ITS MOTION
FOR SUMMARY JUDGMENT - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Under both Washington and federal law, it is the plaintiff's burden to prove service of process. *See Scanlan v. Townsend*, 181 Wash. 2d 838, 847 (2014) ("the plaintiff bears the initial burden to prove a prima facie case of sufficient service") (citing *Streeter–Dybdahl v. Nguyet Huynh*, 157 Wn. App. 408, 412 (2010)); *Schmalle v. Prudhomme*, 2019 WL 3997333, at *2 (S.D. Cal. Aug. 23, 2019) ("When service is challenged, plaintiff bears the burden of establishing its validity." (citing *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004))).

A declaration of service is presumptively valid only if it is "regular in form and substance." *Leen v. Demopolis*, 62 Wash. App. 473, 478 (1991). Under Washington Civil Rule 4(g)(2), a proof of service must attach the summons:

> (g) Return of Service. Proof of service *shall* be as follows: . . . (2) If served by any other person, the ***person's affidavit of service*** . . . ***attached to the summons***.

CR 4(g)(2) (emphasis added). A proof of service is ***not*** in regular form if it does not attach the summons.

In *Denison v. Gorman*, 22 Wash. App. 2d 1051 (2022), the court found that "failure to endorse the affidavit of service upon or attach it to the summons, as required by CR 4(g)(2) . . . create[d] doubt about proper service." *Id.* at *7 (affirming order setting aside default judgment where the process server failed to properly serve the complaint). The same is true here.

Ms. Bain's declaration did not attach the summons, as required by CR 4(g). (**Dkt. 14 at 7**). Ms. Parker filed Ms. Bain's Declaration of Service in the state-court, and the docket shows that this filing was one page—meaning that the declaration filed in state court lacked a copy of the summons. (**Dkt. 14 at 4**). As in *Denison*, Ms. Parker is not entitled to a presumption of proper service.

Second, even if a factual dispute existed, an evidentiary hearing is not required. "Any factual question raised by the affidavits or other evidence presented on a Rule 12(b)(4) or a Rule

DEFENDANT'S SUPPLEMENTAL
BRIEF REGARDING ITS MOTION
FOR SUMMARY JUDGMENT - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

12(b)(5) motion should be determined by the district court." *Motions to Dismiss—Insufficiency of Process and Service of Process*, 5B Fed. Prac. & Proc. Civ. § 1353 (4th ed.); *see also Patterson v. Cnty. of San Diego*, 2011 WL 249436, at *3 (S.D. Cal. Jan. 25, 2011) ("Where factual issues are presented on a motion under Rule 12(b)(5), the court may hear evidence and determine the facts." (citing *Old Republic Ins. Co. v. Pacific Financial Svcs.,* 301 F.3d 54, 57 (2d Cir. 2002))); *Team Enters., LLC v. W. Inv. Real Est. Tr.*, 2008 WL 4367560, at *1 (E.D. Cal. Sept. 23, 2008) ("a court will resolve any factual disputes raised by a Rule 12(b)(5) motion"). Courts regularly resolve service issues based solely on declarations. *See, e.g.*, *Leen*, 62 Wash. App. at 478 (affirming trial court's decision on sufficiency of service based on conflicting affidavits and without an evidentiary hearing, where the defendant did not request one).

For example, in *Whidbee v. Pierce County*, the court decided a factual dispute about service based entirely on the parties' declarations. *Whidbee v. Pierce Cnty.*, 2014 WL 7185401, at *1 (W.D. Wash. Dec. 16, 2014), *aff'd*, 857 F.3d 1019 (9th Cir. 2017). The docket in *Whidbee* reflects no entries between the defendant's motion to dismiss and the court's order granting it. *See Declaration of Daniel Culicover in support of Defendant's Supplemental Brief* ("Culicover Decl."), ¶ 2, Exhibit 1.

Similarly, in *Denison*, the court found that the defendant had not been served based on declarations alone. The defendant submitted:

- His own declaration stating he was never served,
- His mother's declaration explaining her familiarity with legal process and that she never received the documents, and
- A declaration from the defendant's insurer that the defendant promptly notified the insurer of the incident and was instructed to inform the insurer if he was served with legal papers so that a lawyer could be assigned. The fact that the insurer was never notified of the lawsuit supported the conclusion that the defendant was not served.

DEFENDANT'S SUPPLEMENTAL
BRIEF REGARDING ITS MOTION
FOR SUMMARY JUDGMENT - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

*Denison*, 22 Wn. App. 2d 1051, at *7–8.

The plaintiff also submitted declarations in support of service. The court weighed the competing declarations and found that the defendant had shown by clear and convincing evidence that he was not served. *Id.*

Like the defendant in *Denison*, Costco has presented clear and convincing evidence that it was not served with the Complaint or Summons through declarations submitted with its Motion for Summary Judgment. Jody Chindavat, who routinely accepts service on behalf of Costco, testified that she followed her standard procedure when receiving documents from Ms. Bain and determined that the materials did not include the Complaint or Summons in this lawsuit. Dkt. 15 (Declaration of Jody Chindavat ("Chindavat Decl.")) ¶¶ 2–19. However, the documents the process server delivered did include a summons relating to a completely different and unrelated case—*VB Homes, Inc.* Chindavat Decl. ¶¶ 10–13. Ms. Chindavat then consulted her colleague, Kelly Barber, for further handling. Chindavat Decl. ¶¶ 17–18. Kelly Barber confirmed that she scanned the documents delivered to Costco shortly after 1:30 p.m. on March 3, 2025, the time Ms. Bain claims she served Costco. Dkt. 16 (Declaration of Kelly Barber ("Barber Decl.")) ¶¶ 5–16. Ms. Barber's declaration shows that the scanned materials did not include the Complaint or Summons for this case. Barber Decl. ¶ 16.

For these reasons, the Court need not hold an evidentiary hearing to resolve any disputed facts.

**ISSUE 3**. **If reverse conversion is not available, is there a mechanism for the Court to adjudicate disputes of material fact regarding service, and thereby confirm it can assert personal jurisdiction over Defendant, prior to a jury trial?**

**Answer**: Yes. If the Court declines to treat Costco's Motion as one brought under Rule 12(b)(5), it can adjudicate disputes of material fact regarding service—and thereby confirm it can

DEFENDANT'S SUPPLEMENTAL
BRIEF REGARDING ITS MOTION
FOR SUMMARY JUDGMENT - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

assert personal jurisdiction over Costco—before a jury trial by, either (a) deciding the issue under Rule 56 standards, since there are no disputed material issues, or (b) bifurcating any triable issues to decide the statute of limitation issue first.

The Court may resolve disputes of material fact related to service through a hearing under Rule 56. Courts are permitted to consider oral testimony, briefs, oral argument, and judicial notice in connection with summary judgment motions. *See Materials Considered on the Motion—Oral Testimony, Briefs, Oral Argument, and Judicial Notice*, 10A Fed. Prac. & Proc. Civ. § 2723 (4th ed.) ("it generally is acknowledged that courts may authorize the use of oral testimony on motions for summary judgment.").

However, because the Court may consider Costco's Motion for Summary Judgment as a motion under Rule 12(b)(5) and resolve the service issue through the procedures provided therein, Issue 3 is effectively moot.

**ISSUE 4**. **Defendant moved for summary judgment on the state law claims without mention of the federal claim that constituted its basis for removal. How should the Court proceed, in view of Rule 56(f)?**

**Short Answer**: Under Rule 56(f), the Court may grant summary judgment on grounds not raised by the parties, provided it gives notice and an opportunity to respond. Here, however, additional briefing is unnecessary from either party. Like Ms. Parker's Washington Law Against Discrimination ("WLAD") claims, any Family and Medical Leave Act ("FMLA") claim is subject to a maximum three-year statute of limitations. The same legal and factual grounds supporting summary judgment on the WLAD claims apply equally to the FMLA claim and have already been fully briefed. Accordingly, the Court may grant summary judgment on that claim without further briefing. That said, the Court retains discretion under Rule 56(f) to allow

DEFENDANT'S SUPPLEMENTAL
BRIEF REGARDING ITS MOTION
FOR SUMMARY JUDGMENT - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

additional briefing or argument if it deems it necessary, and Costco does not object to such briefing if the Court finds it appropriate.

When Costco removed this case to federal court and filed its Motion for Summary Judgment, it understood that Ms. Parker was asserting a claim under the WLAD, based in part on alleged violations of her rights under the FMLA. *Compl.* ¶ 6.4 ("Defendants said conduct was in retaliation for the Plaintiff taking FMLA, and or emergency leave . . ."). While it was not apparent from the Complaint that Ms. Parker intended to assert a stand-alone FMLA claim, Costco moved for summary judgment on all of Ms. Parker's claims, including those referencing the FMLA.

At the June 16, 2025 Scheduling Conference, the Court asked Ms. Parker's counsel to clarify whether she was asserting a stand-alone FMLA claim. Counsel confirmed that she was asserting an FMLA claim and offered to file an amended complaint to clarify. The Court determined that an amended complaint was unnecessary in light of counsel's representation.

No matter how the claim is characterized, the grounds for summary judgment apply equally. FMLA claims are subject to a two-year statute of limitations, or three years in cases of willful violations. *See Glymph v. CT Corp. Sys.*, 2023 WL 5378903, at *1 (9th Cir. Aug. 22, 2023). Therefore, any FMLA claim is untimely for the same reasons her WLAD claims are untimely.

Moreover, amendment would be futile. Ms. Parker never commenced her suit under Washington law, so there is no prior pleading to which an amended complaint could relate back. Any amended complaint would be deemed filed on the date of its submission, which falls outside the FMLA's limitations period. See *Jergens v. Marias Med. Ctr.*, 2022 WL 1577804, at *1 (9th Cir. May 19, 2022) (affirming summary judgment where FMLA claim was filed more than three years after termination).

DEFENDANT'S SUPPLEMENTAL
BRIEF REGARDING ITS MOTION
FOR SUMMARY JUDGMENT - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Because the legal and factual grounds for summary judgment on the WLAD claims apply equally to the FMLA claim, and those grounds have already been fully briefed, no additional briefing is necessary. The Court may grant summary judgment on the FMLA claim without further notice or argument. *See* Fed. R. Civ. P. 56(f)(2). Notwithstanding the forgoing, Costco does not object if the Court determines that further briefing would be helpful.

Respectfully submitted this 1st day of August, 2025 at Seattle, Washington.

SEYFARTH SHAW LLP

By: */s/ Daniel Culicover*
Helen M. McFarland, WSBA No. 51012
Daniel O. Culicover, WSBA No. 55085
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone: (206) 393-4051
Email: hmfarland@seyfarth.com
dculicover@seyfarth.com

*Counsel for Defendant Costco Wholesale Corporation*

DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING ITS MOTION FOR SUMMARY JUDGMENT - 10

## CERTIFICATE OF SERVICE

I hereby declare that on this 1st day of August, 2025, I caused a copy of ***Defendant's Supplemental Brief Regarding its Motion for Summary Judgment*** to be filed via ECF e-filing system and emailed to the following:

> Oscar Desper, III
> Law Offices of Oscar Desper
> 1420 5th Avenue, Suite 220
> Seattle, WA 98101
> T: (206) 521-5977
> F: (206) 224-2880
> Email: odesper@gmail.com

By: */s/ Jonathan Henley*
Jonathan Henley, Legal Secretary

DEFENDANT'S SUPPLEMENTAL
BRIEF REGARDING ITS MOTION
FOR SUMMARY JUDGMENT - 11
SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910