1
2
3
4
5
6                                                The Honorable S. Kate Vaughn
7
          IN THE UNITED STATES DISTRICT COURT FOR THE
8                    WESTERN DISTRICT OF WASHINGTON
9
10

11   MYEESHA PARKER,                    |   No.: 2:25-cv-519 SKV
12          Plaintiff,                   |
13      V.                               |   PLAINTIFF'S REPLY IN SUPPORT OF
                                         |   PLAINTIFF'S MOTION TO STRIKE
14   COSTCO WHOLESALE INC,               |   DEFENDANT'S OVERLENGTH BRIEF
     A Washington State Corporation,     |   AND DECLARATION.
15                                       |
          Defendant                      |
16                                       |

17       The Plaintiff, Myeesha Parker, respectfully submits this Reply in support of her
18   Motion to Strike Defendant's Overlength Brief and Declaration, (Dkt. 29), and hereby
19   responds to Defendant Costco's Opposition, (Dkt. 41), as follows:
20

21   **I. DEFENDANT'S BRIEF EXCEEDS THE COURT-ORDERED PAGE LIMIT.**

22       The Defendant's attempt to recharacterize an 11-page Declaration, as such, but
23   the Declaration, which includes mostly legal arguments, is an extension of the 10-
24   page brief limit and it extends the 10-page legal argument limit to essentially a 21-
25   page brief, in violation of this Court's Order.
26
     1 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEF[ ]          LAW OFFICES OF OSCAR E. DESPER, PLLC
     DECLARATION                                                          1420 5TH AVENUE, SUITE 2200
                                                                          SEATTLE, WA 98101
     Case No.: 2:23-cv-01590                                             Telephone: 206-521-5977 / Facsimile: 206-224-2880

While LCR 7(e)(6) excludes certificates of service from page limits, this Rule

cannot cure Defendant's substantive violation of the Court's clear directive.

The Court's July 23, 2025, Order, (Dkt. 25), limited "briefing to 10 pages per party".

This is a straight forward mandate that the Defendant exceeded, by filing

substantive legal arguments across 11 pages of their Declaration, regardless of how

the final page is characterized.

Moreover, Defendant's reliance on the certificate of service exclusion is misplaced.

Where, as here, the Court issued a specific page limitation Order.

The Local Rules' general provisions cannot override explicit judicial directives

limiting the brief length.

## II. DEFENDANT'S DECLARATION IMPROPERLY CIRCUMVENTS THE PAGE LIMITATIONS.

The Defendant's assertion that the Culicover Declaration contains "no argument"

is completely disingenuous.

While styled as a factual Declaration, the document strategically introduces case

law and precedent that directly supports Defendant's legal position. This is

precisely the type of end-run around page limitations that Courts routinely reject.

See Berg for C.K.M. v. Bethel Sch. Dist., 2022 WL 1591286, at *3 (W.D. Wash. May

19, 2022).

The timing and content of the Declaration, filed simultaneously with the

Defendant's brief, contains materials directly relevant to thartificial errorarguments,

2 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEF DECLARATION

Case No.: 2:23-cv-01590

LAW OFFICES OF OSCAR E. DESPER, PLLC
1420 5TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Telephone: 206-521-5977 / Facsimile: 206-224-2880

demonstrates its true purpose, which is to expand the Defendant's briefing beyond the Court's prescribed limits, through a procedural artifice.

## III. DEFENDANT'S RULE CITATIONS ARE INAPPOSITE.

The Defendant's citation to Mills v. Zeichner, 2024 WL 37108 (W.D. Wash. Jan. 3, 2024), is distinguishable.

Mills addressed general Local Rule word limits, not specific Court Orders, limiting briefing length.

When a Court issues explicit page limitations, as here, parties cannot circumvent those limits through supplemental declarations, regardless of general rule provisions.

## IV. DEFENDANT CONCEDES THE CORE VIOLATION.

Tellingly, the Defendant does not dispute that its total filing exceeded 10 pages. Instead, the Defendant attempts to parse which pages "count". This is an approach that undermines the Court's clear intent to limit the scope of supplemental briefing.

The Court's Order was designed to ensure focused, concise argument, within prescribed limits. It was not designed to invite creative accounting of page numbers.

## V. CONCLUSION.

The Defendant's filing violates both the letter and spirit of the Court's July 23, 2025, Order.

Allowing parties to exceed page limits, through strategic use of declarations, would render such Orders meaningless and it creates an unfair advantage for non-complying parties.

3 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFT DECLARATION

Case No.: 2:23-cv-01590

LAW OFFICES OF OSCAR E. DESPER, PLLC
1420 5TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Telephone: 206-521-5977 / Facsimile: 206-224-2880

Therefore, the Plaintiff respectfully requests that the Court grant the Motion to Strike and order the Defendant to file compliant briefing, within the Court's prescribed limits.

I certify that this reply contains 487 words, in compliance with the Local Civil Rules.

DATED THIS  21st DAY of August 2025

/s/Oscar E. Desper, III

Oscar E. Desper III

Attorney for Plaintiff Myeesha Parker

WSBA #18012

4 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEF[...]
DECLARATION

Case No.: 2:23-cv-01590

LAW OFFICES OF OSCAR E. DESPER, PLLC
1420 5ᵀᴴ AVENUE, SUITE 2200
SEATTLE, WA 98101
Telephone: 206-521-5977 / Facsimile: 206-224-2880