1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

MYEESHA PARKER,

9

Plaintiff,

10

v.

11

COSTCO WHOLESALE CORP.,

12

Defendant.

Case No. C25-0519-SKV

ORDER TO SHOW CAUSE

13

14    Plaintiff Myeesha Parker ("Plaintiff" or "Ms. Parker") brings various claims against her

15  former employer, Costco Wholesale Corporation ("Defendant").  After Defendant moved for

16  summary judgment, Plaintiff filed a Response, Dkt. 20, a Motion to Strike and associated Reply,

17  Dkts. 31, 42, and a Motion for Leave to File Amended Complaint, Dkt. 37.  The Court has

18  identified material misstatements and misrepresentations in those filings, which contain

19  hallucinated case and record citations and legal errors consistent with unverified generative

20  artificial intelligence ("AI") outputs.  The Court ORDERS Plaintiff's attorney ("Counsel") to

21  SHOW CAUSE by **September 8, 2025**, as to why sanctions should not issue for violations of his

22  ethical duties and Federal Rule of Civil Procedure 11.

23    ///

ORDER TO SHOW CAUSE - 1

A.      Response to Defendant's Motion for Summary Judgment

Plaintiff's Response to Defendant's Motion for Summary Judgment relies on inapplicable law, misrepresents and misquotes the law and the record, and includes a wide array of idiosyncratic citation errors.  For brevity, the Court summarizes the most egregious examples.

First, Plaintiff's Response does not rely on applicable law.  When briefing the legal standard for summary judgment, Counsel relies on Washington state court cases.  Washington state court opinions interpreting the Washington summary judgment rule are neither instructive nor binding on federal courts.  Counsel selected cases that largely date back to the 1960s through the early 2000s despite the widespread availability of recent precedent.  Later in the brief, Counsel suddenly switches to federal law, discussing Federal Rule of Civil Procedure 4(m) and Ninth Circuit case law on extending the time for service.  *See* Dkt. 20 at 12–18.  Washington state law applies to the service and limitations issues raised by Defendant's Motion for Summary Judgment.  *See* Dkt. 44 at 7 (discussing applicability of Washington law).  Counsel also cites to Florida and New York state court decisions that interpret Florida and New York state law on service despite neither applying here.  *See* Dkt. 20 at 17–18.  In short, Counsel not only offers clearly irrelevant authority but does so without any discernable framework.

Second, Plaintiff's Response includes at least four case quotes attributed to cases that exist but do not contain the quoted language.  For example:

| Location | Quote in Plaintiff's Response | Counsel's Citation | Court Observations |
|---|---|---|---|
| Dkt. 20 at 6. | "Even though the basic facts may be undisputed, if different inferences may be drawn from them, then summary judgment should not be granted." | *Meissner v. Simpson Timber Co.*, 69 Wn.2d 949, 951, 421 P.2d 674 (1966) | This case exists and the quote could not be located. |

ORDER TO SHOW CAUSE - 2

| Dkt. 20 at 6. | "Summary judgment is not to be used as a substitute for trial when material facts are in dispute." | *Blaise v. Underwood*, 62 Wn.2d 195, 197–98, 381 P.2d 966 (1963) | A case with an almost identical name and the same reporter exists. *See Balise v. Underwood*, 381 P.2d 966 (1963). The quote could not be located in that case. |
| --- | --- | --- | --- |
| Dkt. 20 at 6. | "A summary judgment is properly granted if the pleadings, affidavits, depositions or admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." | *Capitol Hill Methodist Church of Seattle v. City of Seattle*, 52 Wn.2d 359, 324 P.2d 1113 (1958) | This case exists and the quote could not be located. Counsel's citation omits a pincite for the purported quote. Similar language appears at page 1116. |
| Dkt. 20 at 7. | "To overcome summary judgment, a plaintiff has only a burden of production, not persuasion, and this may be proved through direct or circumstantial evidence." | *Scrivener v. Clark College*, 181 Wn.2d 439,447,334 P.3d 541 (2014) | This case exists and contains similar language at page 445, not 447. Counsel's citation omits spaces between the reporters and page numbers. |

Third, Counsel relies on at least two cases that are facially inapplicable to the propositions they purportedly support. For example, on page 18 of the Response, Counsel cites "*Martel v. Clair*, 565 U.S. 648, (2012)" and "*United States v. Emmett*, 749 F.3d 817, 9th Cir. (2014)" for the proposition that "[i]n the 9th [sic] Circuit, the 'Interest of Justice' standard under Rule 4(m) 'is regularly applied." Dkt. 20 at 18. *Martel* is a Supreme Court, not Ninth Circuit, case that discusses appointment of counsel in habeas corpus proceedings. *See Martel v. Clair*, 565 U.S. 648, 652 (2012) ("We hold that courts should employ the same 'interests of justice' standard that they apply in non-capital cases under a related statute, § 3006A of Title 18.").

ORDER TO SHOW CAUSE - 3

*Emmett* is an appeal regarding early termination of supervised release. *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination."). Neither case contains the words "is regularly applied," which Counsel sets off with an unclosed quotation mark. The citations themselves are also odd. Neither contains a pincite, despite both containing commas preceding where a pincite should be included. Counsel's *Emmett* citation is also improperly formatted and inconsistent with properly formatted Ninth Circuit citations included elsewhere in the Response. *See, e.g.*, Dkt. 20 at 4, 12, 14.

Fourth, case law quotes throughout the Response are littered with idiosyncratic typographical and wording differences from the original sources. None of the changes are disclosed through use of brackets or ellipses. Multiple case names include spelling errors or cite to incorrect reporters or nonexistent pages. For example:

| Location | Counsel's Citation | Court Observations |
|---|---|---|
| Dkt. 20 at 11–12. | *Beecher v. Wallace*, 381 f.2d 327, A.L.R. Fed. 861, 1967 U.S. App. LEXIS 5359 | This case exists. *See Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967). It contains similar quotes with punctuation, capitalization, and wording differences. Counsel inserts paragraph breaks where none appear in the original.<br><br>The citation provided by Counsel is in a completely different format than his other citations, contains typographical errors, and omits pincites. Counsel appends this case as Exhibit 8, located at Dkt. 21-8. The case provided contains reporter numbers and capitalization that differ from the citation included in the Response, as indicated in bold: 381 **F**.2d 3**72**, **9** A.L.R. Fed. 861, 1967 U.S. App. LEXIS 5359. |

ORDER TO SHOW CAUSE - 4

| Dkt. 20 at 12. | In Re Michael Sheehan, 252 F3d 507 (9th Cir. 2001) | This case exists, but the reporter number in Counsel's citation is one number off and a period is missing from the reporter. *See In re Sheehan*, 253 F.3d 507 (9th Cir. 2001).  Counsel does not italicize the case name despite his use of italics for case names throughout most of the brief.<br><br>Paragraphs from this case appear in the Response without citation marks or ellipses and brackets signaling alterations. Whole paragraphs from the opinion are omitted without indication.  Text that does not appear in the original is inserted, and quotation marks that do not appear in the original are added. |
| --- | --- | --- |
| Dkt. 20 at 16. | *Skribic v. QCRC Assoc.*, 761 So. 2d 349, 354 (Fla. 3d DCA 2000) | This case exists, but the name is spelled differently.  *See Skrbic v. QCRC Assocs. Corp.*, 761 So. 2d 349 (Fla. Dist. Ct. App. 2000).<br><br>The quote used by Counsel is similar to language in the Concurrence in Part with punctuation, capitalization, and wording differences.  Counsel includes a quote with nested quotation marks that do not appear in the original text. |
| Dkt. 20 at 16. | *Chaffin v. Jacobson*, 793 So. 2d 102, 105 (Fla. Dist. Ct. App. 2001) | This case exists, but the pincite Counsel includes is incorrect.  The case spans pages 102 to 104. |
| Dkt. 20 at 19. | *National Mortgage, LLC v. Wilson*, 176 A.D. 3d, 1087 | This case exists, but Counsel's citation omits the year and a pincite.  *See Nationstar Mortg., LLC v. Wilson*, 176 A.D.3d 1087, 111 N.Y.S.3d 98 (2019). The case contains language at page 1089 similar to unquoted language in the Response with punctuation, capitalization, and wording differences.  Counsel does not indicate quoted language with quotation marks. |

1    Finally, Counsel appears to include hallucinated and inaccurate quotes to the record.

2   This is particularly egregious given Plaintiff sought to demonstrate that a question of material

3   fact precluded summary judgment and may have attempted to do so by relying on

4   mischaracterized evidence.  For example, Counsel states that Plaintiff's process server, Katlyn

5   Bain ("Bain"), provided a declaration and cites Exhibit 3 as the source of a declaration quote.

6   *See* Dkt. 20 at 2.  The cited document is not a declaration and does not contain the language

7   quoted by Counsel.  *See* Dkt. 21-3 at 2–3.  Instead, substantially similar language appears in

8   Bain's Declaration of Service filed by Defendant.  *See* Dkt 14 at 7.  Counsel appears to present a

9   partially quoted and paraphrased version as a direct quotation.

10    Counsel further purports to quote an investigation report generated by ABC Messenger

11   Service after he emailed them to question service.  He represents that the report "states, in

12   pertinent part:  'The Process Server served Costco the Complaint, Summons . . . on March 3,

13   2025.  Jody Chindavat accepted the documents.  Multiple sets of documents were served on

14   Costco, at that time.'"  Dkt. 20 at 8.  That quote does not appear in the investigation report

15   Counsel filed as Exhibit 9.  *See* Dkt. 21-9.

16    Counsel also represents that the same report "states that, Katlyn Bain, the process server,

17   handed each set of documents to Chindavat, individually, ensuring that each required document

18   was presented."  Dkt. 20 at 8.  The report actually states, in pertinent part:  "Jody Chavidant [sic]

19   accepted the documents.  At the time of this service, they had multiple sets of documents to serve

20   at the address.  The process server handed each one to her individually.  She usually briefly

21   reviews each document before accepting them."  Dkt. 21-9 at 4.  Crucially, the report does not

22   state that Bain "ensur[ed] that each required document was presented."  Dkt. 20 at 8.

23    ///

ORDER TO SHOW CAUSE - 6

1    B.    Motion to Strike and Reply

2           As discussed in the Court's recent Order denying Plaintiff's Motion to Strike, the

3    positions taken in that motion and subsequent Reply were legally and factually indefensible.  *See*

4    Dkts. 31, 42, 43.  Plaintiff's Reply is otherwise notable in two respects.  First, the text appears to

5    have been copy-pasted from a generative AI program without any quality control by Counsel.

6    Straight, as opposed to curly, apostrophes and quotation marks remain throughout, indicating the

7    content was likely not typed into a word processor.  At some point, the program appears to have

8    experienced, and documented, an "[]artificial error[.]"  Dkt. 42 at 2.  Second, Defendant's

9    Response put Counsel on notice that Plaintiff's position relied on demonstrably inaccurate

10   characterizations of the Local Civil Rules and Defendant's filings.  Yet Counsel opted to file a

11   Reply that doubled down on Plaintiff's position instead of withdrawing the motion.  Together,

12   the legal, factual, and typographical errors indicate to the Court that the Reply may have been

13   generated without any meaningful attorney oversight and filed despite Counsel knowing, or

14   having reason to know, the position taken was unfounded.

15   C.    Motion for Leave to File Amended Complaint

16          On August 11, 2025, Plaintiff filed an Amended Complaint.  *See* Dkt. 35.  The Court

17   struck that filing for failure to comply with Federal Rule of Civil Procedure 15.  *See* Dkt. 36.

18   The next day, Counsel filed a Motion for Leave to File Amended Complaint.  *See* Dkt. 37.  The

19   legal standard provided fluidly shifts between quoting Washington Superior Court Civil Rule 15

20   and Revised Code of Washington 12.08.110 but attributes all quoted language to a single

21   source—"CR 15."  Dkt. 37 at 3.  Counsel does not rely on Federal Rule of Civil Procedure 15,

22   the operative legal standard, at all despite acknowledging it on the first page of the motion.

23

ORDER TO SHOW CAUSE - 7

1    That omission is particularly strange because the Court called Plaintiff's attention to Rule

2    15 in a Minute Order the day prior. *See* Dkt. 36. Counsel twice sought ex parte clarification on

3    that Order before filing the motion. Both times, Court staff referred him to the Minute Order at

4    Docket No. 36, the Federal Rules of Civil Procedure, and the Local Civil Rules for guidance.

5    Yet the motion Counsel filed later that day relies on a fabricated source in lieu of any of those

6    sources. This is the third instance where Counsel supplied a completely inapplicable legal

7    standard in his briefing. *See* Dkts. 20, 31. It is also the second time Counsel filed a brief he

8    knew, or should have known, contained inaccurate legal contentions after being put on notice of

9    applicable law. *See* Dkts. 31, 42.

10    The errors addressed above are only a sampling. Taken together, they form a pattern that

11    indicates Counsel may have used AI to generate filings without confirming the accuracy of

12    authority relied upon, existence of evidence cited, or defensibility of positions taken. If AI was

13    not used, these filings indicate wholesale inability to identify and marshal applicable law and a

14    degree of sloppiness that severely impaired the briefs' utility to Ms. Parker and the Court.

15    Because these filings call into question Counsel's Rule 11 and ethical compliance, Counsel is

16    ORDERED TO SHOW CAUSE by **September 8, 2025**, as to why sanctions should not issue.

17    Counsel is further ORDERED to immediately inform Ms. Parker of this Order and those at

18    Docket Nos. 43, 44, and 45 and to provide her copies of the same.

19    Dated this 28th day of August, 2025.

20

21    _____

S. KATE VAUGHAN

22    United States Magistrate Judge

23

ORDER TO SHOW CAUSE - 8