FILED _____ ENTERED
LODGED _____ RECEIVED

SEP 08 2025   RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

THE HONORABLE S. KATE VAUGHAN

IN THE UNITED STATES DISRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| MYEESHA PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. **2:25-cv-519-SKV** |
| | ) | |
| vs. | ) | PLAINTIFF'S RESPONSE TO THE |
| | ) | COURT'S ORDER TO SHOW |
| COSTCO INC., A Washington State Corporation, | ) | CAUSE. |
| | ) | |
| Defendants. | ) | |

## I.   INTRODUCTION

Plaintiff's Attorney, Oscar E. Desper, III, respectfully submits this response to this Court's Order to Show Cause.

## II.   Plaintiff's Counsel's Use of Artificial Intelligence, herein after "AI".

I used "AI" in my Motion to Deny Summary Judgment. Specifically, "Callidus AI", a specialized legal "AI" program was used.

I am 100% responsible for its use and I am 100% responsible and without excuse, for not checking some quotes and submitting some improper case citations. I do not have any excuse for doing so, but I do have an explanation.

Oscar Desper's Response to The Court's Order to Show Cause - 1

THE LAW OFFICES OF OSCAR E. DESPER III.
CITY CENTRE'
1420 FIFTH AVENUE, SUITE#2200
SEATTLE, WA 98101
TELEPHONE: (206) 521-5977
FACSIMILE: (206) 224-2880

I did not know that "AI" had been used until I received the Court's Order and I contacted the Attorney I hired to help with my response, and he informed me that it had been used.

**Please See attached, Exhibit #1, Desper Declaration**, proof that I hired other counsel to assist with my response. **See also Exhibit #2. Myeesha Parker Declaration.**

I hired another lawyer who had more experience than I, in Federal Court.

**Please See Exhibit #3, attached.**

I realize that I was and am still 100% responsible for the improper application of "AI" and its' resulting quote inaccuracies and cite deficiencies, which I submitted.

I am not negating my responsibility, I only mention this to say that I did not, with any malice of forethought or intention to deceive, submit a pleading with knowingly false information.

I should have checked the case law quotes, on the issue of the Standard for Motion for Summary Judgment.

I recognize the Court's observation that these mistakes form a pattern that indicates I may have used "AI" to generate filings without confirming the accuracy of the authority relied upon, existence of evidence cited, or defensibility of the position taken.

Irrespective of hiring someone else to help craft my response, I wish to clarify that I am responsible for the use of "AI" tools in preparing my filings, because I am the Attorney of Record. Therefore, I am the only one who is responsible for the submissions to the Court.

However, my intention is and has always been to ensure accuracy and not to intentionally mislead the Court. In using "AI"; any, or all, the shortcomings in precision clarity were the result of my human error, not an intentional disregard of my duty to the Court, nor to opposing counsel.

Oscar Desper's Response to The Court's Order to Show
Cause - 2

THE LAW OFFICES OF OSCAR E. DESPER III.
CITY CENTRE
1420 FIFTH AVENUE, SUITE#2200
SEATTLE, WA 98101
TELEPHONE: (206) 521-5977
FACSIMILE: (206) 224-2880

I fully acknowledge that more thorough verification was necessary and that the responsibility for ensuring accuracy rests with me.

Further, I sincerely apologize to the Court and to opposing counsel, for my errors.

This experience has reinforced the importance of heightened vigilance when using emerging technologies.

Moving forward, I will exercise much greater care to confirm the reliability of all authorities and references and to ensure that every advanced position is fully defensible, under existing law and supported by the record.

Finally, I do not plan on using "AI" in any Court submissions in the future and I did not intend to do so in this case.

### A. FOUR OF THE CASES ADDRESSED BY THE COURT.

1. **Meissner v. Simpson Timber Co.,** 69 Wn.2d 949,951,4211 P.2d 674 (1966).

The quote used did not exist and should not have been cited as a quote.

This clearly is an "AI" substitution and summary of page 951.

2. **Balise v. Underwood**, 62 Wn.2d 195,197-98, 382 P.2d 966 (1963).

This quote did not exist and was an "AI" summary that should not have been used.

3. The quotes cited an attributed to **Capitol Hill Methodist Church of Seattle, v. City of Seattle**, 52 Wn.2d 359, 332P.2d 1133 (1958), was quoted, essentially the same, as in Balise, supra, at page 382 P.2d 969 (1963)). However, it does not say "only if".

The case name is Balise, not Blaise.

4. **Scrivener v. Clark College**, 181 Wn. 2d 439, 334 P.3d 541 (2014).

The citations omit space between the reporters and page numbers.

All the forementioned cases should have been more thoroughly checked before

Oscar Desper's Response to The Court's Order to Show Cause - 3

THE LAW OFFICES OF OSCAR E. DESPER III.
CITY CENTRE
1420 FIFTH AVENUE, SUITE #2200
SEATTLE, WA 98101
TELEPHONE: (206) 521-5977
FACSIMILE: (206) 224-2880

submission.

I am 100% responsible for not doing so. In the future, I will make sure that I check each citation and I should have in this submission. I do not have any excuse.

However, I would like for the Court to know I was not intentionally trying to mislead the Court nor mislead opposing counsel. **Please See Exhibits 4 attached.**

### III. Motion to Strike & Reply to Motion to Strike.

The reason I made that submission is because I wrongfully thought that by the Defense citing case law in their Declaration, they were technically making legal argument, thereby exceeding the 10-page page limit.

Also, because they asked for permission to file and extend their brief, I assumed they were conceding their response exceeded the 10-page limit.

Clearly, I was wrong about both issues. Once I received their second reply, I should not have filed another response.

As a result, I apologized to Ms. McFarland, prior to receiving the Court's Order to Show Cause. Also, I now apologize to the Court and the Court Clerk.

Nevertheless, I do not want the Court to believe that I think just because I apologized that makes everything OK. It does not.

I understand the seriousness of my mistakes. I vow to never let them happen again.

### IV. Submission of an Amended Complaint, without a Motion for Leave to Amend.

**1. Amended Complaint.**

In this Court's Order, the Plaintiff had until August 11, 2025, to submit an Amended Complaint. Prior to the deadline of August 11, 2025, the Plaintiff submitted an Amended Complaint.

Oscar Desper's Response to The Court's Order to Show Cause - 4

THE LAW OFFICES OF OSCAR E. DESPER III.
CITY CENTRE'
1420 FIFTH AVENUE, SUITE#2200
SEATTLE, WA 98101
TELEPHONE: (206) 521-5977
FACSIMILE: (206) 224-2880

Plaintiff's counsel thought that was proper, under Federal LCR 15 (a), for the following reasons:

1. The Defendant's never submitted an Answer.
2. A Notice of Removal is not a Responsive Pleading, nor is it a 12(b) Motion.
3. A Motion for Summary Judgment is Not a Responsive Pleading, nor is it a 12(b) Motion.

Federal Rule 15(a) (1) states: Amending as a Matter of Course:

A party may amend its pleading once as a matter of course within:

(a) 21 days after serving it, or

(b) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion, under rule 12 (b) (e), or whichever is earlier.

Since a responsive pleading was required and the Defense did not submit a responsive pleading, and because a Motion for Summary Judgment is not a responsive pleading, Plaintiff's counsel believed that under rule 15, (a) he could submit an amended pleading, Amended Complaint, before the deadline of August 11, 2025, which he did, without either filing a Motion for Leave to Amend, or without seeking the Defendants' written permission.

Also, the Defendants" Motion for Summary Judgment did not become a 12(b) Motion to dismiss, until the Court's August 22, 2025, Order.

That was well after the Plaintiff's submitted their Amended Complaint.

That is the reason why Plaintiff's counsel sought clarification, twice, from the Court, regarding the filing of the amended pleading.

Oscar Desper's Response to The Court's Order to Show Cause - 5

THE LAW OFFICES OF OSCAR E. DESPER III.
CITY CENTRE
1420 FIFTH AVENUE, SUITE #2200
SEATTLE, WA 98101
TELEPHONE: (206) 521-5977
FACSIMILE: (206) 224-2880

Thereafter, Plaintiff's counsel did seek Leave to Amend, but he did not bracket the difference in Complaints, although he stated the differences in his Declaration.

However, if he was in fact required to seek Leave to Amend, his submission was defective, for not bracketing.

Plaintiff's counsel, in good faith, believed that he could file a Motion for Leave to Amend after August 11, 2025, because the Court can freely give leave to amend to file an amended complaint in the "interest of justice", pursuant to Federal LCR 15 (A) (2).

Federal Rule 15 states, in pertinent part: A. (2) Other Amendments:

"In all other cases, a party may amend its pleadings only with the opposing party's written consent or the Courts' leave. The Court should freely give leave when justice requires.

At the time of the filing, Plaintiff's counsel believed that in the "interest of justice" and for good cause, and because the Defendants moved to have the case removed from State to Federal Court, he needed to include the federal FMLA claims and federal Race Discrimination claims.

Therefore, Plaintiff's counsel thought he was permitted to submit a Motion for Leave to Amend, after the August 11, 2025, deadline.

I was not trying to harass the Court, or annoy the Court, by calling the court, twice. I was seeking clarification. But I should not have contacted the Court, after my first inquiry. Also, I was not my intent to file an unnecessary Motion.

At the time, I believed I was not required to file a Motion for Leave to Amend. However, after the Court's clarification, I followed the Court's instructions.

Oscar Desper's Response to The Court's Order to Show
Cause - 6

THE LAW OFFICES OF OSCAR E. DESPER III.
CITY CENTRE
1420 FIFTH AVENUE, SUITE#2200
SEATTLE, WA 98101
TELEPHONE: (206) 521-5977
FACSIMILE: (206) 224-2880

## V. Kaitlyn Bain Process Server Issues.

### (a) Kaitlyn Bain Declaration.

Plaintiff's counsel cited a Declaration as Kaitlyn Bains Declaration, as Exhibit # 3, which was mistakenly not included in his submission of documents. I meant to include Kaitlyn Bain's Service Declaration, and I mistakenly thought I had.

**Please see attached as Exhibit #5.**

I erroneously thought her Service Declaration was previously submitted.

When I said her Declaration, I meant her Service Declaration.

Her Service Declaration states:

"That she personally delivered 1 true and correct copy of the Summons and Complaint…To Jody Chindavat".

### (b) The ABC Investigative Report:

I stated in my submission that the process server served Costco a Complaint and Summons.

It states: "I delivered the documents, which I interpreted to mean the Summons and Complaint, pursuant to her Service Declaration."

That statement should not have been in quotes.

Further, the Report states, not Kaitlyn Bain states, but the person conducting the Investigation, Stephen Torres, is quoting what Kaitlyn Bain told him, which was the following: "Jody Chindavat accepted the documents. At the time of service, they had multiple sets of documents to serve at the **address**. It does not say at "Costco". The process server handed each one to her individually. She usually briefly reviews each document before

Oscar Desper's Response to The Court's Order to Show
Cause - 7

THE LAW OFFICES OF OSCAR E. DESPER III.
CITY CENTRE'
1420 FIFTH AVENUE, SUITE#2200
SEATTLE, WA 98101
TELEPHONE: (206) 521-5977
FACSIMILE: (206) 224-2880

accepting them".

That quote should not have been attributed directly to Kaityln Bain.

It was a summary of what she told the Investigator.

When the Report says served at the address, I interpreted that to mean Costco, because Costco acknowledged they received multiple sets of documents, for Kaitlyn Bain, during that service.

However, the point is that it is not an accurate quote, and it should not have been attributed as a direct quote from Kaitlyn Bain, because it was her paraphrase quote, as interpreted by the ABC Investigator

Please note, the Report does say: "they had multiple sets of documents served at the address. The process server handed each one to her individually".

**Please Exhibit #6, Investigative Report, attached.**

**(c) The Statement "Ensuring That Each Required Document Was Presented".**

The forementioned statement was not put in quotations and was not attributed to Kaitlyn Bain, as a quote. That statement was meant to be legal argument only. However, I can see how the Court interpreted that specific language as a quote; but it was not a quote and it was not intended to be a quote.

**Please see page 8 of the Plaintiff's Motion to Deny Summary Judgment.**

**VI. Documents to Client.**

Per the Court's Order, all documents that the Court instructed Plaintiffs' counsel to give to his client, including the Order to Show Cause, were provided to the client, when counsel received the Court's Order.

In addition, I discussed with my client, the use of "AI", problems, including the

Oscar Desper's Response to The Court's Order to Show Cause - 8

THE LAW OFFICES OF OSCAR E. DESPER III.
CITY CENTRE
1420 FIFTH AVENUE, SUITE #2200
SEATTLE, WA 98101
TELEPHONE: (206) 521-5977
FACSIMILE: (206) 224-2880

quotes and citation issues.

Further, again, I informed my client about the Hearing date and Exhibit submission dates.

Finally, I apologized to her, and I told her that my errors caused the Court not to view me in the most favorable light, rightfully so, and that moving forward, if we prevail on the 12 (b) Motion she should feel free to seek other counsel, if she chooses, but I am happy to remain her Attorney, if we move forward.

I assured her that the Court would not decide the upcoming Motion against her because of my errors.

I answered all her questions, and we have talked several times since.

She stated that she will attend the Hearing, on September 22, 2025.

### VII. <u>Plaintiff's Counsels Response Which Included Both State and Federal Law.</u>

The reason my Response for Motion to Deny Summary Judgment contained both Washington State and Federal law are as follows:

1. Because of the Erie Doctrine.

   The Erie Doctrine is a foundational principle of U.S. federal civil procedure that comes from a U.S. Supreme Court case, Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

   The core rule of the case is: When a case is in federal court under diversity jurisdiction, the Court must apply State substantive law and Federal procedure law, when adjudicating State law claims. **See also, Sooner v. Premier Nutrition Corp, 971, F3d 834 (9th Cir ,2020), citing Hanma v. Plumer, 380, U.S. 460, 465 (1965).**

2. The Defendant's moved for Summary Judgment on State law claims.

Oscar Desper's Response to The Court's Order to Show Cause - 9

THE LAW OFFICES OF OSCAR E. DESPER III.
CITY CENTRE'
1420 FIFTH AVENUE, SUITE#2200
SEATTLE, WA 98101
TELEPHONE: (206) 521-5977
FACSIMILE: (206) 224-2880

3. I responded with the same assumption that the Standard for Summary Judgment was essentially the same in both Federal and State Court, with some nuance.

4. I cited some State law cases because the Court is deciding whether the Defendants were properly served in State Court.

5. I was under the impression that Federal Courts can apply both Federal and State law, when exercising concurrent jurisdiction over State law claims, particularly in "Removal" cases.

6. The Defendants cited several Washington cases as well as Federal cases, in its Motion to Dismiss.

7. The Court cited both State and Federal law, I assumed because the Court was deciding whether the Defendants were properly served in State Court.

8. However, I defer to the Court if my understanding is not correct.

## VIII. CONCLUSION.

Unfortunately, I, Plaintiff's Counsel, Oscar Desper, used "AI" in my Motion to Deny Summary Judgment. I was not aware that "AI" had been used until I received the Court's Order to Show Cause.

I hired another Attorney, with more federal experience than myself, to assist with filing the Motion to Deny Summary Judgment.

However, I am 100% responsible for not checking the "AI" quotations and case cites and any other errors.

In addition, I am 100% responsible for all errors and mistakes in Plaintiff's Motion to Deny Summary Judgment, which was submitted to this Court.

I did not intentionally, with malice of forethought, or with any intent to deceive, or mislead

Oscar Desper's Response to The Court's Order to Show Cause - 10

THE LAW OFFICES OF OSCAR E. DESPER III.
CITY CENTRE'
1420 FIFTH AVENUE, SUITE #2200
SEATTLE, WA 98101
TELEPHONE: (206) 521-5977
FACSIMILE: (206) 224-2880

the Court, or Defense counsel, knowingly submit false or inaccurate information; however, again, I am solely responsible for all the submissions and errors.

I apologize for how this has reflected poorly on me as a practicing attorney, before this Court and before my client, as well as before opposing counsel.

Nevertheless, at this point, all I can do, moving forward, is learn the lessons and not make these mistakes again. I realize these are things I knew and should have known, so there is no excuse.

Therefore, I apologize to the Court and to the Court Clerk.

Further, unfortunately, my Motion was defective; so, I willingly and remorsefully accept any sanction the Court deems appropriate.

Finally, I humbly ask for the mercy of the Court, when it considers the appropriate sanction.

Respectfully submitted this 8th day of September 2025,

/s/Oscar E. Desper, III
by Oscar E. Desper, III
Attorney for Myeesha Parker
WSBA #18012

Oscar E. Desper, III,
Law Offices of Oscar Desper
1420 Fifth Avenue, Suite #2200
Seattle, WA 98010
Telephone: (206) 521-5977
odesper@gmail.com

Oscar Desper's Response to The Court's Order to Show Cause - 11

THE LAW OFFICES OF OSCAR E. DESPER III.
CITY CENTRE'
1420 FIFTH AVENUE, SUITE#2200
SEATTLE, WA 98101
TELEPHONE: (206) 521-5977
FACSIMILE: (206) 224-2880