UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYEESHA PARKER,

                Plaintiff,

    v.

COSTCO WHOLESALE CORP.,

                Defendant.

Case No. C25-0519-SKV

ORDER GRANTING PARTIAL DISMISSAL WITH PREJUDICE

       Costco Wholesale Corporation's ("Defendant") motion seeking dismissal of Myeesha Parker's ("Plaintiff") state law claims remains before the Court. *See* Dkt. 13. Following notice and an opportunity to provide supplemental briefing, the Court converted that motion to one made under Federal Rule of Civil Procedure 12(b)(5) to expeditiously resolve the threshold service issue raised by Defendant.[1] *See* Dkt. 44 at 11–14. On September 22, 2025, the Court held an evidentiary hearing to determine whether Plaintiff properly served Defendant. *See* Dkt. 51. That determination hinged on witness credibility. *See* Dkt. 44 at 14. At the end of the hearing, the parties were afforded an opportunity to argue what admitted evidence showed and whether the Rule 12(b)(5) standard for dismissal was satisfied. *See id.*; Dkt. 51. During its

---

[1] The Court previously set out the factual and procedural background of this case, as well as the applicable legal framework, in its Order at Docket No. 44.

ORDER GRANTING PARTIAL DISMISSAL
WITH PREJUDICE - 1

argument, Defendant also moved to dismiss Plaintiff's Family and Medical Leave Act ("FMLA") claim, which it omitted from its initial motion seeking dismissal of Plaintiff's state law claims. *See* Dkt. 51; Dkt. 44 at 5–6.

Having considered the parties' submissions, oral argument, admitted evidence, witness testimony, and the balance of the record, the Court finds Plaintiff never served Defendant with a summons and complaint in this matter. Because Plaintiff's Washington Law Against Discrimination ("WLAD") and FMLA claims are now time barred, the Court GRANTS Defendant's motion and DISMISSES those claims WITH PREJUDICE.

## I.   LEGAL STANDARD

Defendants may move for dismissal due to insufficient service of process under Rule 12(b)(5). "Once service is challenged, [a] plaintiff[ ] bear[s] the burden of establishing that service was valid . . . ." *Mitchell v. Dep't of Soc. & Health Servs.*, No. C17-1308RSM, 2018 WL 993961, at *2 (W.D. Wash. Feb. 21, 2018) (alterations in original) (quoting *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)).

A plaintiff can meet her "*prima facie* burden to show that service was proper by producing the process server's affidavit of service." *Id.* (citing *Wells Fargo Bank NA v. Kuhn*, No. CV137913GAFFFMX, 2014 WL 12560870, at *2 (C.D. Cal. July 23, 2014)). "Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires [the] defendant to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service." *Id.* (alteration in original) (quoting *Wells Fargo*, 2014 WL 12560870, at *2). "The burden then shifts back to the plaintiff []to [']produce evidence showing that the service was proper, or creating an issue of fact requiring an evidentiary hearing to resolve.'" *Id.* (quoting *Wells Fargo*, 2014 WL 12560870, at *2).

## II. DISCUSSION

After reviewing exhibits filed in support of, and in opposition to, Defendant's motion, the Court determined an evidentiary hearing was needed to evaluate the credibility of three witnesses who submitted conflicting, sworn statements on whether Defendant was served with a summons and complaint. *See* Dkt. 44 at 8–11. The purpose of the hearing on September 22, 2025, was to break a credibility tie.

Plaintiff did not call any witnesses or tender any admissible evidence at the hearing. One week prior to the hearing, she informed the Court that Katlyn Bain ("Bain"), the process server she hired to serve Defendant, would testify. *See* Dkt. 50 at 2. At the hearing, she announced that she had been unable to serve Bain with a subpoena. *See* Dkt. 52 at 2. The Court inquired whether Plaintiff intended to move to admit any other evidence. *See id.* at 22–23. Plaintiff confirmed she was not so moving and would stand on her Response to Defendant's motion and accompanying exhibits. *See id.*; Dkts. 20–21.

Later in the hearing, Plaintiff moved to admit a new, notarized declaration by Bain, which was tendered for the first time alongside her hearing exhibit list as a proposed exhibit. *See* Dkt. 52 at 31–34; Dkt. 50-2. Plaintiff did not propose any grounds for the exhibit's admissibility, and Defendant objected. *See* Dkt. 52 at 31–34. To the extent Plaintiff understood her inability to serve Bain with a subpoena made Bain unavailable as a witness, she did not call any witnesses or offer any evidence that could support an unavailability finding. *See* Dkt. 50-2; Fed. R. Evid. 804(a); Dkt. 52 at 33. Moreover, even if Bain was unavailable, her out-of-court statement was not testimony given under oath at a prior proceeding or deposition, and Defendant never had an opportunity to cross-examine her. *See* Fed. R. Evid. 804(b)(1). No other

1  exceptions to the rule against hearsay applied. *See* Fed. R. Evid. 803. The Court accordingly found the declaration inadmissible. *See* Dkt. 52 at 34; Fed. R. Evid. 802.

Defendant called two witnesses: Jody Chindavat ("Chindavat"), a former Costco legal assistant who accepted documents from Bain on March 3, 2025, and Kelly Barber ("Barber"), a Costco paralegal who helped Chindavat process those documents. Chindavat testified that she accepted documents from a process server in her office building's lobby on March 3, 2025. *See* Dkt. 52 at 6. She did not review the papers in the lobby and instead returned immediately to her desk to review and sort the stack of documents. *See id.* at 7. The documents were paperclipped together by case. *See id.* After sorting documents that would be forwarded to the garnishment department, and deeming them complete, Chindavat sorted documents in the final packet, which pertained to this lawsuit. *See id.* at 8. Upon reviewing that packet, Chindavat observed that it included documents related to this matter and a matter involving VB Homes. *See id.* Chindavat further confirmed that she received a case information cover sheet and area designation and case schedule related to this matter as well as a summons and case schedule related to a case involving VB Homes clipped together in one packet. *See id.* at 9–10. She stated she was "a hundred percent" confident that there was no summons and complaint for the *Parker* case in that packet. *Id.* at 10.

Chindavat further testified that, upon reviewing the *Parker* and *VB Homes* documents, she was confused as to why the *VB Homes* documents had been attached to the *Parker* papers. She gave the entire packet, as delivered and contained in Exhibits A-2 and A-4, to her colleague, Barber. *See id.* at 11. She testified that it was not possible that she received a complaint and summons for the *Parker* case and then misplaced it because she processes such documents immediately. *See id.*

      Barber testified that, on March 3, 2025, Chindavat handed her a small stack of paperwork that included documents from this matter and a matter involving VB Homes. *See id.* at 16–17. She did a quick search to determine whether Costco was involved in the *VB Homes* case and determined that Costco was not a party. *See id.* at 17. She further testified that she reviewed the documents and determined there was no summons or complaint for the *Parker* case. *See id.* at 18. She then took the documents given to her by Chindavat to the scanner, scanned the *Parker* documents and then the *VB Homes* documents, and emailed both scans to herself. *See id.* at 18–21; Exhibits A-1, A-3. She also stated that she had since re-checked the documents received, as well as the electronic documents, and has never found a summons or complaint related to this case. *See* Dkt. 52 at 21.

      Evidence already in the record was insufficient to demonstrate service was effected. The Court determined that Bain's form Declaration of Service, *see* Dkt. 14 at 7, conflicted with Chindavat and Barber's sworn declarations, *see* Dkts. 15–16, and thus created a credibility question properly resolved through an evidentiary hearing, *see* Dkt. 44 at 11, 14. By submitting no evidence or testimony at the hearing, Plaintiff failed to move the needle. In contrast, Defendant called Chindavat and Barber, who both provided detailed and consistent accounts of the documents delivered by Bain. Plaintiff had the opportunity to test their credibility. The Court finds Chindavat and Barber's testimony credible and concludes that a summons and a complaint for this matter were not included in the packet of documents Bain served on Defendant on March 3, 2025.

      As the Court set out in its prior Order, the statute of limitations on Plaintiff's WLAD claims has run and the sole question remaining is whether Plaintiff's pre-removal attempt at service on March 3, 2025, sufficed to toll the statute of limitations. *See* Dkt. 44 at 8. Because

ORDER GRANTING PARTIAL DISMISSAL
WITH PREJUDICE - 5

that service attempt failed, this suit was never properly commenced and the Court GRANTS Defendant's motion. Because Plaintiff's WLAD claims are now time barred, they are DISMISSED WITH PREJUDICE.

Defendant also moved to dismiss Plaintiff's FMLA claim during the hearing. *See* Dkt. 51. It did not specify whether it was moving under Rule 56 or Rule 12(b)(5). *See* Dkt. 52 at 37. Plaintiff argued that Defendant should not be permitted to move for dismissal of her federal claim because Rule 12(g)(2) and (h) bar some subsequent motions to dismiss on grounds previously available and Defendant omitted mention of the FMLA claim in its motion at Docket No. 13.[2] *See id.* at 23–24, 36. However, Defendant's motion remained pending, and the Court invited both parties to supplement their prior submissions through supplemental briefing and then oral argument. The Court accordingly construes Defendant's request as further supplementing their pending motion and not a subsequent motion.

"Under the FMLA, an action must generally be brought within two years 'after the date of the last event constituting the alleged violation for which the action is brought[,]'" but that

---

[2] The Court also instructed the parties to weigh in on the federal claim through supplemental briefing. *See* Dkt. 25 at 2. Defendant clarified it had intended to move to dismiss all of Plaintiff's claims, argued the grounds for dismissing the FMLA claim were the same as for the state law claims, and offered to further brief the issue. *See* Dkt. 26 at 8–10. Plaintiff's supplemental brief acknowledged that the Court could grant summary judgment under Rule 56(f) but queried whether the federal claim remaining in this case would deprive the Court of subject matter jurisdiction. *See* Dkt. 28 at 4–5. Because the Court has federal question jurisdiction over this suit, survival of the federal claim giving rise to that jurisdiction quite clearly does not deprive the Court of subject matter jurisdiction. Plaintiff did not articulate any other grounds for leaving her federal claim intact.

At the hearing, Plaintiff argued that Defendant cannot assert a time bar defense with respect to her FMLA claim because the statute of limitations has passed. *See* Dkt. 52 at 24, 35. However, a time bar defense can only be asserted after a statute of limitations lapses. Plaintiff also argued that Defendant could not move to dismiss her FMLA claim because it never filed an answer asserting the statute of limitations as an affirmative defense. *See id.* at 23–25, 35. Under Rule 12(a)(1)(A)(i), a defendant has twenty-one days after being served with a summons and complaint to serve an answer. Here, Plaintiff never served Defendant and therefore never started the twenty-one-day clock. In sum, Plaintiff's arguments against considering Defendant's motion to dismiss her FMLA claim were hard to follow and misplaced.

ORDER GRANTING PARTIAL DISMISSAL
WITH PREJUDICE - 6

"limitation is extended to three years for a 'willful violation.'"[3] *Olson v. U.S. Dep't of Energy*, 980 F.3d 1334, 1338 (9th Cir. 2020) (quoting 29 U.S.C. § 2617(c)). Just as with her WLAD claims, Plaintiff therefore had at most three years to file her FMLA claim. *See* Dkt. 44 at 6–8. Because Plaintiff failed to timely commence this action, the Court DISMISSES Plaintiff's FMLA claim WITH PREJUDICE.

### III.   AMENDED COMPLAINT

Plaintiff filed an Amended Complaint as of right while the instant motion was pending. *See* Dkt. 35; Fed. R. Civ. P. 15(a)(1). The Amended Complaint did not, and could not, remedy any of the service or time bar issues impacting Plaintiff's WLAD and FMLA claims. It did add two additional federal claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. *See* Dkt. 35 at 5. Those new federal claims are not clearly subject to the time bar defect litigated to date. However, the Court now makes clear that Plaintiff **must** serve Defendant with process **within 30 days of this Order** if she intends to press her two new federal claims. *See* 28 U.S.C. § 1448. Failure to do so may result in dismissal of those claims.

### IV.   CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's WLAD and FMLA claims WITH PREJUDICE. Plaintiff is directed to serve Defendant with her Amended Complaint

///

///

---

[3] In its prior Order, the Court acknowledged that the federalism concerns that animate the Ninth Circuit's decision in *Whidbee v. Pierce County* do not clearly apply to federal statutes of limitations for a removed federal claim. *See* 857 F.3d 1019, 1023–24 (9th Cir. 2017). Plaintiff made no argument on that point at the hearing. The Court need not decide whether that distinction could justify extending the time for service under Rule 4(m) because no good cause has been shown here. Defendant advised Plaintiff that it had not been properly served in its Notice of Removal two months before her claims would become time barred. Plaintiff never attempted to re-serve Defendant despite that timely notice.

**within 30 days of this Order** if she intends to pursue her new discrimination claims.

Dated this 15th day of October, 2025.

*[signature: Kate Vaughan]*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING PARTIAL DISMISSAL
WITH PREJUDICE - 8