UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYEESHA PARKER,

        Plaintiff,

v.

COSTCO WHOLESALE CORP.,

        Defendant.

Case No. C25-0519-SKV

ORDER GRANTING MOTION TO STRIKE AND DENYING LEAVE TO AMEND COMPLAINT

Before the Court are Plaintiff's motions to strike her filing at Docket No. 66 and to amend her complaint. *See* Dkts. 72, 74. For the following reasons, the Court GRANTS her motion to strike, Dkt. 72, and DENIES her motion for leave to amend her complaint, Dkt. 74.

On August 11, 2025, Plaintiff filed an Amended Complaint as of right. *See* Dkt. 35. The Court subsequently found that Plaintiff never served Defendant with process, dismissed her time-barred claims, and directed her to serve Defendant within thirty days if she wished to pursue her surviving claims. *See* Dkt. 54 at 5–8.

One week before the thirty days elapsed, Plaintiff amended her complaint again, without seeking the Court's leave or providing indication of Defendant's written consent. *See* Dkt. 59; Fed. R. Civ. P. 15(a)(2). That complaint, which Plaintiff styled as a "Court Ordered Amended

1 Complaint for Damages," was in fact her Second Amended Complaint ("SAC"). Dkt. 59. In a

2 later filing, Plaintiff states that "the Court instructed . . . [her] to file an Amended Complaint

3 within 30 days of the Order[]" at Docket No. 54. Dkt. 74 at 2. The Court gave no such

4 instruction. *See* Dkt. 54 at 7–8 (directing "Plaintiff . . . to serve Defendant with her Amended

5 Complaint within 30 days" and citing the Amended Complaint at Docket No. 35).

6 Plaintiff represents that she served that SAC on Defendant. *See* Dkt. 64. Defendant

7 moved to dismiss the SAC without challenging its unauthorized filing. *See* Dkt. 65. After

8 Defendant moved for dismissal, Plaintiff filed a Third Amended Complaint ("TAC"), which she

9 styled as her second amended pleading. *See* Dkt. 66. She neither sought the Court's leave nor

10 provided indication that Defendant had consented in writing. Two days later, Plaintiff filed a

11 response to Defendant's motion to dismiss her SAC ("MTD Response"). *See* Dkt. 68.

12 Twelve days after filing her MTD Response, Plaintiff moved the Court to strike and

13 "dismiss" her TAC because she did not seek leave to file it. *See* Dkt. 72 at 1. She then moved

14 for leave to amend her complaint to correct Defendant's name and "eliminat[e] Federal Title VII

15 race discrimination claims and RCW 49.60 race discrimination claims." Dkt. 74 at 1. She did

16 not seek to include any additional facts. *See id.* at 8.

17 Because Plaintiff was required to seek leave to file her TAC, the Court GRANTS her

18 request to strike it. *See* Dkt. 72. Regarding her request to further amend her complaint,

19 Defendant's name is not an issue in dispute in the fully briefed motion to dismiss, and Plaintiff

20 abandoned her Title VII claim in her MTD Response. *See* Dkt. 68 at 1. The Court has already

21 dismissed Plaintiff's state law claims with prejudice because they are time barred. *See* Dkt. 54 at

22 6. As Plaintiff's proposed amendments do not address any issues in dispute and Plaintiff has

23 continued litigating her SAC, the Court DENIES her motion for leave to amend. *See* Dkt. 74.

1    Defendant has not challenged Plaintiff's unauthorized filing of the SAC, instead moving

2 to dismiss it on the merits.  Accordingly, the Court deems Defendant to have consented to its

3 filing and accepts the SAC at Docket No. 59 as the operative complaint in this matter.

4    Dated this 22nd day of January, 2026.

_____
S. KATE VAUGHAN
United States Magistrate Judge